1  Judy H. Juang, CA Bar No. 274117
   judy.juang@ogletree.com
2  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
3  19191 S. Vermont Avenue, Suite 950
   Torrance, CA  90502
4  Telephone:   310-217-8191
   Facsimile:   310-217-8184
5

6  Attorneys for Plaintiff
   SYSCO LOS ANGELES, INC.
7

8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFRNIA – WESTERN DIVISION

| | |
|---|---|
| SYSCO LOS ANGELES, INC, | Case No. 2:23-cv-02542 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| TEAMSTERS AUTOMOTIVE, INDUSTRIAL AND ALLIED WORKERS LOCAL NO. 495; TEAMSTERS LOCAL UNION NO. 630; TEAMSTERS LOCAL UNION NO. 848 INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 89; TEAMSTERS JOINT COUNCIL NO. 135; INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | |
| Defendants. | |

**INTRODUCTION**

This is an action for damages brought by the Plaintiff, Sysco Los Angeles, Inc., against Defendants, Teamsters Automotive, Industrial and Allied Workers Local No. 495; Teamsters Local Union No. 630; Teamsters Local Union No. 848; Teamsters Local 89; Teamsters Local No. 135; and International Brotherhood of Teamsters for Defendants' breach of their labor agreements under Section 301(a) of the Labor Management Relations Act ("LMRA"), 20 U.S.C. § 141, *et seq.* See 29 U.S.C. § 185(a). Plaintiff additionally seeks damages from Defendants under Section 303 of the LMRA, 29 U.S.C. §187, because Defendants' unlawful work stoppage violates the secondary boycott prohibition of the National Labor Relations Act ("NLRA"), 29 U.S.C §158(b)(4); Plaintiff further seeks damages from Defendants for their tortious interference of Plaintiff's existing business relationship.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 29 U.S.C. §§185 and 187, and 28 U.S.C. §§1331, 1332, and 1337.

2. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), and 29 U.S.C. §§185(a) and 187.

**PARTIES**

3. Plaintiff, Sysco Los Angeles, Inc. (the "Company" or "Sysco Los Angeles"), is a corporation duly organized under the laws of the state of Delaware with a distribution center located at 20701 Currier Road, Walnut, California 91789 and is engaged in the business of selling, marketing, and distributing food products to restaurants, healthcare and educational facilities, lodging establishments, and other commercial customers.

4. The Company employs certain employees represented by the Teamsters Automotive, Industrial and Allied Workers Local No. 495 ("Local 495").

5. The Company employs certain employees represented by the Teamsters Local Union No. 630 ("Local 630").

6. The Company employs certain employees represented by the Teamsters Local Union No. 848 ("Local 848")

7. The Company is an employer in an industry affecting commerce within the meaning of Sections 2(2) and (7) of the Labor Management Relations Act, 1947, as amended, 29 U.S.C. §152(2) and (7).

8. Defendant Local 495 is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(3), (5) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(3), (5) and (7).

9. Defendant Local 630 is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(3), (5) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(3), (5) and (7).

10. Defendant Local 848 is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(3), (5) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(3), (5) and (7).

11. Defendant Teamsters Local No. 89 ("Louisville Local 89") is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(3), (5) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(3), (5) and (7).

12. Defendant Teamsters Local No. 135 ("Indianapolis Local 135") is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(3), (5) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(3), (5) and (7).

13. Defendant International Brotherhood of Teamsters ("IBT") is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(3), (5) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(3), (5) and (7).[1]

/ / /

/ / /

---

[1] Defendants IBT Local 495, IBT Local 630, IBT Local 848, IBT Local 89, IBT Local 135, and IBT are collectively referred to as "Defendants."

# FACTUAL ALLEGATIONS

The Company, for its Complaint against the Defendants states and alleges as follows:

14. On or around June 1, 2021, the Company and Local 495 entered into a collective bargaining agreement which expires on May 31, 2027, referred to herein as the "495 Agreement." (A complete copy of the 495 Agreement is attached hereto as **Exhibit 1**).

15. On or around September 27, 2020, the Company and Local 630 entered into a collective bargaining agreement which expires on September 26, 2026, referred to herein as the "630 Agreement." (A complete copy of the 630 Agreement is attached hereto as **Exhibit 2**).

16. On or around September 27, 2020, the Company and Local 848 entered into a collective bargaining agreement which expires on September 26, 2026, referred to herein as the "848 Agreement." (A complete copy of the 949 Agreement is attached hereto as **Exhibit 3**)[2].

17. During the term of the Agreements, Defendants Locals 495, 630, and 848, agreed and were obligated, either expressly or impliedly, not to engage in any strike, work stoppage, or other activity that would interrupt the business of Plaintiff and, instead, to resolve any dispute with Plaintiff through the procedures established in the Agreements.

18. Although the Agreements permit covered employees to honor certain picket lines where a primary labor dispute is in progress ("a lawful primary picket line"), the picket line (or lines) at issue in this case was neither lawful nor a primary picket line. No labor dispute was in progress at Plaintiff's distribution center. A "primary picket line" is a picket line asserted at and against an employer who is the employer of the employees involved in a lawful labor dispute. The picket line (or lines) at issue in this action was established by persons having no employment relationship with Plaintiff.

19. At all times relevant to this action, Louisville Local 89 has represented certain employees of Sysco Louisville, Inc. ("Sysco Louisville") in the states of Kentucky and

---

[2] Exhibits 1 through 3 are referred to collectively as the "Agreements."

Indiana. Louisville Local 89 is in a current labor dispute with Sysco Louisville. There is no current collective bargaining agreement in place between Louisville Local 89 and Sysco Louisville. Louisville Local 89 does not represent any employees of Sysco Los Angeles.

20.     At all times relevant to this action, Indianapolis Local 135 has represented certain employees of Sysco Indianapolis LLC ("Sysco Indianapolis") in the states of Indiana. Indianapolis Local 135 is in a current labor dispute with Sysco Indianapolis. There is no current collective bargaining agreement in place between Indianapolis Local 135 and Sysco Indianapolis. Indianapolis Local 135 does not represent any employees of Sysco Los Angeles.

21.     Sysco Los Angeles is a separate and distinct legal entity from Sysco Louisville and Sysco Indianapolis. Further, each entity services distinct geographic areas and their operations are not integrated. Work performed by employees represented by the respective Defendants does not overlap and is not shared in any manner.

### Defendants' Unlawful Activity

22.     Upon information and belief, on or before March 30, 2023, IBT, Louisville Local 89 and Indianapolis Local 135 requested, advised, encouraged, and prompted Local 495, Local 630, and Local 848 to direct their membership to honor any prospective picket line which they erected at Sysco Los Angeles' facilities.

23.     On March 30, 2023, at approximately 2:50 p.m., Louisville Local 89 and/or Indianapolis Local 135, with material aid, coordination, and assistance of Locals 495, 630, and 848, and the International union, erected a picket line (or picket lines) at the entrances to Sysco Los Angeles' distribution center in Walnut, California.

24.     Local 495, Local 630, and Local 848 directed their employee-members who are covered under their respective agreements and who were scheduled to report to work starting at 5:00 p.m. to not report for work and to not cross the Louisville Local 89's and/or Indianapolis Local 135's picket line.

25.     Local 495, Local 630, and Local 848 continued to direct their employee-members who are covered under their respective agreements to not report for work and to

not cross the Louisville Local 89's and/or Indianapolis Local 135's picket line until approximately 8:30 p.m. on March 31, 2023.

26. Local 495's actions are in violation of the express and implied prohibitions on work stoppages, work slowdowns, and other similar activities in the 495 Agreement. Further, Local 630's and Local 848's actions are in violation of the implied commitment not to strike in the 630 Agreement and 848 Agreement.

27. By striking in support of Louisville Local 89's and/or Indianapolis 135's labor disputes, Local 495, Local 630, and Local 848 have violated the NLRA by engaging in unlawful secondary activity.

28. Defendants' actions caused the employees of the Company to fail and refuse to report to work and to perform services, and to fail and refuse to deliver goods to the Company's customers.

29. Defendants' actions caused the Company to miss deliveries to customers and/or find alternative and more expensive means to deliver products to customers, all of which has greatly increased the Company's cost of doing business.

30. Defendants' actions have resulted in the loss of sales in excess of one Million Dollars ($1,000,000.00).

31. Defendants' actions caused the Company to increase security at its principal place of business and for its fleet of vehicles, which has again, greatly increased the Company's cost of doing business. Defendants' actions will result in a loss of good will and the prospective cancellation of customer contracts.

32. As a direct and proximate cause of Defendants' illegal actions, the Company has suffered substantial economic harm and injury and other irreparable harm and injury.

/ / /

/ / /

/ / /

/ / /

/ / /

## Count I – Damages for Breach of Contract

## (Against Local 495, Local 630,

## and Local 848 under LMRA Section 301)

33. The Company re-alleges Paragraphs 1 - 36 of this Complaint as if fully set forth herein.

34. By their actions, and as a direct and proximate cause of Local 495's, Local 630's, and Local 848's illegal actions, including striking in support of Louisville Local 89 and Indianapolis Local 135 labor dispute with Sysco Louisville and Sysco Indianapolis, Local 495, Local 630, and Local 848 have each breached its collective bargaining agreements with the Company including the no work stoppage provision set forth in the 495 Agreement and the implied commitment not to strike in the 630 Agreement and 848 Agreement.

35. As a result of their actions, Defendants are liable to the Company for damages in an amount to be proven at trial, but not less than One Million Dollars ($1,000,000.00), for the costs of this action, for reasonable attorneys' fees and for such other and further relief as the Court may deem proper.

## Count II – Damages for Unlawful Secondary Activity

## (Against All Defendants under LMRA Section 303)

36. The Company re-alleges Paragraphs 1-39 of this Complaint as if fully set forth herein.

37. By their actions, and as a direct and proximate cause of Defendants' illegal actions, including striking in support of an unlawful work stoppage, Defendants engaged in unlawful secondary boycott activity in violation of Section 8(b)(4) of the NLRA.

38. As a result of their actions, Defendants are liable to the Company for damages in an amount to be proven at trial, but not less than one Million Dollars ($1,000,000.00), for the costs of this action, for reasonable attorneys' fees and for such other and further relief as the Court may deem proper.

/ / /

/ / /

**Count III – Damages for Intentional Interference with Contractual Relations**

**(Against All Defendants)**

39. The Company re-alleges Paragraphs 1-41 of this Complaint as if fully set forth herein.

40. At all times relevant to this action, each Defendant knew the existence of, and the terms of, the 495 Agreement, the 630 Agreement, and the 848 Agreement between Sysco Los Angeles and Local 495, Local 630, and Local 848, respectively.

41. At all times relevant to this action, Sysco Los Angeles has performed its duties under the 495 Agreement, the 630 Agreement, and the 848 Agreement.

42. With wanton, reckless disregard for Sysco Los Angeles' collective bargaining agreements and business relationships with Local 495, Local 630, and Local 848, Defendants, and each of them, intentionally and unlawfully interfered with Local 495's, Local 630's, and Local 848's performance of and obligations under their respective collective bargaining agreement with Sysco Los Angeles by requesting, advising, encouraging, and prompting Local 495, Local 630, and/or Local 848 to direct their membership to honor any prospective picket line erected by Louisville Local 89 and Indianapolis 185.

43. As a result of their actions, Defendants are liable to the Company for damages in an amount to be proven at trial, but not less than one Million Dollars ($1,000,000.00), for the costs of this action, for reasonable attorneys' fees and for such other and further relief as the Court may deem proper.

**WHEREFORE**, the Company demands judgment against Defendants for damages in an amount to be proven at trial and consistent with the allegations herein, for the costs of this action, for reasonable attorneys' fees and for such other and further relief as the Court may deem proper.

/ / /

/ / /

/ / /

/ / /

DATED: April 4, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

BY: /s/ Judy H. Juang
    JUDY H. JUANG

ATTORNEYS FOR PLAINTIFF
SYSCO LOS ANGELES, INC.